626 F.Supp.2d 1345 (2009)
In re: LANDAMERICA 1031 EXCHANGE SERVICES, INC., INTERNAL REVENUE SERVICE § 1031 TAX DEFERRED EXCHANGE LITIGATION.
Angela M. Arthur, et al.
v.
SunTrust Banks, Inc., et al., S.D. California, C.A. No. 3:09-54.
Gerald R. Terry, et al.
v.
SunTrust Banks, Inc., et al., D. South Carolina, C.A. No. 8:09-415.
MDL No. 2054.
United States Judicial Panel on Multidistrict Litigation.
June 12, 2009.
Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., Judges of the Panel.

TRANSFER ORDER
JOHN G. HEYBURN II, Chairman.
Before the entire Panel: Plaintiffs in the District of South Carolina Terry action have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Nevada or, alternatively, the District of South Carolina. Plaintiffs in the Southern District of California Arthur action support centralization in either the District of South Carolina or the Southern District of California but does not oppose centralization in the District of Nevada. Defendant SunTrust Banks, Inc. (SunTrust) suggests centralization in the Northern District of Georgia or the Eastern District of Virginia. Three individual defendants[1] support *1346 centralization in the Eastern District of Virginia.
This litigation currently consists of two actions pending, respectively, in the Southern District of California and the District of South Carolina. The two actions are similar purported class actions brought on behalf of individuals and entities that sought to enter into a Section 1031 taxdeferred exchange and entrusted money to facilitate the exchange with the qualified intermediary LandAmerica 1031 Exchange Services, Inc. Subsequently, the class members lost their investment due to alleged misconduct by various defendants, including SunTrust, where most such funds were deposited. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings (including with respect to class certification); and conserve the resources of the parties, their counsel and the judiciary. On the basis of the papers filed and hearing session held, we find that these two actions involve common questions of fact, and that centralization under Section 1407 in the District of South Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.
While the parties have suggested a wide array of potential transferee districts, we are persuaded that the District of South Carolina is an appropriate transferee forum for this litigation. Of the two districts where actions are pending, the District of South Carolina is nearer to SunTrust's headquarters in Atlanta, Georgia, where relevant documents and witnesses are likely to be found.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Southern District of California is transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Joseph F. Anderson, Jr., for coordinated or consolidated pretrial proceedings with the action pending in that district.
NOTES
[1] G. William Evans, Christine R. Vlahcevic, and Theodore L. Chandler, Jr.